| | | |
|---|---|---|
| TONY WASHINGTON | * | NO. 2022-C-0846 |
| VERSUS | * | |
| | | COURT OF APPEAL |
| CHURCHILL DOWNS | * | |
| LOUISIANA HORSERACING | | FOURTH CIRCUIT |
| COMPANY, LLC D/B/A FAIR | * | |
| GROUNDS RACE COURSE & | | STATE OF LOUISIANA |
| SLOTS | * * * * * * * | |

APPLICATION FOR WRITS DIRECTED TO
CIVIL DISTRICT COURT, ORLEANS PARISH
NO. 2022-03582, DIVISION "F-14"
Honorable Jennifer M Medley,
* * * * * *
**Judge Tiffany Gautier Chase**
* * * * * *
(Court composed of Judge Rosemary Ledet, Judge Sandra Cabrina Jenkins, Judge Tiffany Gautier Chase)


Sean P. Mount
Bryce M. Addison
Talbot M. Quinn
ADAMS AND REESE, LLP
755 Magazine Street
New Orleans, La 70130

     COUNSEL FOR RELATOR/DEFENDANT


R. Christian Bonin
BONIN LAW FIRM, ALEXANDRE E. BONIN, APLC
4224 Canal St.
New Orleans, La 70119

     COUNSEL FOR RESPONDENT/PLAINTIFF


               **WRIT GRANTED; JUDGMENT REVERSED;
               CASE DISMISSED WITH PREJUDICE
               JANUARY 27, 2023**

*TGC*
*RML*
*SCJ*

Relator/Defendant, Churchill Downs Louisiana Horseracing Company, LLC d/b/a Fair Grounds Racecourse and Slots (hereinafter "Fairgrounds") seeks supervisory review of the trial court's November 4, 2022 judgment denying its peremptory exception of prescription. Specifically, the Fairgrounds submits that the trial court erred in concluding that prescription was interrupted for Respondent/Plaintiff Tony Washington's (hereinafter "Mr. Washington") claims when he attempted to electronically file his petition for damages on March 15, 2022. For the following reasons, we find the trial court erred in denying the exception of prescription and reverse the ruling of the trial court.

## Facts and Procedural History

On March 16, 2021, Mr. Washington alleges that he suffered injuries at the Fairgrounds when a slot machine opened suddenly, struck his knee, and caused him to suffer a torn meniscus. On March 15, 2022, Mr. Washington maintains that his attorney attempted to electronically file his original petition for damages. However, the petition for damages was not officially filed until April 25, 2022. An amended petition was filed on May 5, 2022.

1

On June 28, 2022, Fairgrounds filed a peremptory exception of prescription maintaining that Mr. Washington's petition prescribed on its face pursuant to La. C.C.P. art. 3492.[1] Mr. Washington opposed Fairgrounds' exception of prescription arguing that: (1) prescription was interrupted on March 15, 2022 when he attempted to electronically file his petition; (2) prescription did not begin to run until April 30, 2021 when the injury was discovered; (3) prescription was suspended when Mr. Washington had COVID-19; and (4) prescription was suspended for an additional thirty days due to Hurricane Ida.

The trial court held a hearing on Fairgrounds' exception of prescription on October 13, 2022. At the hearing, Mr. Washington argued that he believed the petition for damages had been filed because he did not receive an e-mail confirmation from the Clerk of Civil District Court indicating that there was a problem with his transmission. In support of this contention, Mr. Washington submitted two documents which he contends proves that he "attempted" to file his petition on March 15, 2022. The first document, a "screen shot," dated September 19, 2022, showing that a PDF of the petition was created on March 15, 2022. The second document, dated September 19, 2022, is copy of an e-mail acknowledging receipt of funds to the Mr. Washington's attorneys' escrow account. After hearing arguments, the trial court denied Fairgrounds' exception, finding that Mr. Washington established that prescription was interrupted when he "attempted" to file his petition on March 15, 2022. The trial court stated that Mr. Washington's "attempt" to file the petition is akin to the service of pleading rules set forth in La. C.C.P. art. 1313.[2] Thus, since Mr. Washington did not receive a "bounce back

_____

[1] La. C.C.P. art. 3492 provides, in pertinent part, "[d]elictual action are subject to a liberative prescription of one year."

2

message" from the Clerk of Court, the trial court determined that the pleading was perceived to be accepted.

Fairgrounds seeks supervisory review of the trial court's ruling.

## Standard of Review

When prescription is raised by a peremptory exception with evidence introduced at the hearing, this Court reviews the trial court's findings of fact on the issue of prescription under the manifest error-clearly wrong standard of review. *London Towne Condo. Homeowner's Ass'n. v. London Towne Co.*, 2006-0401, p.4 (La. 10/17/06), 939 So.2d 1227, 1231.

## Discussion

Fairgrounds argues that the trial court erred in concluding that prescription was interrupted when Mr. Washington attempted to electronically file his petition on March 15, 2022. Further, Fairgrounds maintain that the exhibits presented by Mr. Washington in his opposition to the peremptory exception of prescription are inadmissible.

The mover ordinarily bears the burden of proof at the trial on an exception of prescription. *Fisher v. Blood Center*, 2020-0551, p.5 (La.App. 4 Cir. 2/10/21), 313 So.3d 1275, 1278. "However, if prescription is evident on the face of the pleadings, the burden shifts to the plaintiff to show the action has not prescribed." *Carter v. Haygood,* 2004-0646, p.9 (La.1/19/05), 892 So.2d 1261, 1267. Mr. Washington's petition for damages indicates that the event that caused his injuries occurred on March 16, 2021 at the Fairgrounds. He alleges that he attempted to electronically file his petition on March 15, 2022; however, the petition was not

---

[2] La. C.C.P. art. 1313 provides the law governing service by mail, delivery, or electronic means for every pleading subsequent to the original petition.

accepted by the Clerk of Court on that date. On April 25, 2022, Mr. Washington successfully filed his petition. Thus, on its face, the petition is prescribed and the burden shifts to Mr. Washington to demonstrate that his claim is not prescribed.

Mr. Washington asserts that he timely submitted his petition for damages when attempted to electronically file his petition on March 15, 2022. He argues that he completed all of the required information within the Civil District Court for the Parish of Orleans' (hereinafter "CDC") e-filing portal. Mr. Washington maintains that he received no message indicating that the pleading was rejected and instead learned approximately one month later that his petition was never recorded or filed. Further, at the hearing, Mr. Washington submitted two exhibits pertaining to his attempted e-filing: (1) a PDF image of the petition dated March 15, 2022 and (2) an email regarding his escrow account from the CDC Clerk's Office.

Delictual actions are subject to a liberative prescriptive period of one year which commences to run from the day injury or damage is sustained. La.C.C. art. 3492. Prescription is interrupted by the filing of suit in a court of competent jurisdiction and venue. La.C.C. art. 3492. The effect of interruption of prescription, as contrasted with suspension of prescription, is that the time that has run prior to the interruption is not counted; prescription commences to run anew from the last day of the interruption. La.C.C. art. 3466.

La. C.C.P. art. 253(B), provides, in pertinent part, "[a] pleading or document filed electronically is deemed filed on the date and time stated on the confirmation of the electronic filing sent from the system…" It further provides that all filings may be transmitted electronically according to the system established by a Clerk of Court or by Louisiana Clerks' Remote Access Authority. La C.C.P. art. 253(B).

4

The Remote Access User Manual for CDC indicates that after payment and filing a pleading there is a window indicating that the filing was successful. Further, you can view the most recent filing by clicking on a tab labeled "View Filing."

It is undisputed that Mr. Washington's petition was not filed until April 25, 2022. However, the germane issue is whether his attempt to file his petition on March 15, 2022, interrupted prescription. La. C.C.P. art. 253 is clear and unambiguous, a pleading is deemed filed on the date stated on the confirmation from the Clerk of Court. Mr. Washington failed to present any documentation of proof of filing on March 15, 2022. Rather, he presented a document (e-mail) showing that money was placed into his escrow account on March 15, 2022. Mr. Washington failed to show that any funds had been deducted from his account for the pleading on March 15, 2022. In addition, the screenshot of the PDF only establishes that a PDF was created on that date. The trial court found that Mr. Washington's failure to receive a "bounce back" message was sufficient to interrupt prescription. La. C.C.P. art. 253 requires the affirmative act, i.e. a confirmation of filing e-mail from the Clerk of Court. Based upon the documentation presented, we find the trial court erred in denying the exception of prescription.

In accordance with La. C.C.P. art. 253(B), Mr. Washington's petition for damages is deemed filed on April 25, 2022. The alleged accident occurred on March 16, 2021 and a petition was not filed until April 25, 2022. Accordingly, we find Mr. Washington's claims are prescribed.

5

**<u>Decree</u>**

For the foregoing reasons we grant Fairgrounds' supervisory writ, reverse the November 4, 2022 judgement of the trial court, and dismiss Mr. Washington's petition with prejudice.

**WRIT GRANTED; JUDGMENT REVERSED; CASE DISMISSED WITH PREJUDICE**